[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT (117)
Defendant moved for a directed verdict immediately after the closing of the plaintiff's evidence. The motion was denied. The evidence was submitted to the jury subject to a later determination of the questions raised by the motion. Practice Book § 321. After all the evidence, arguments and charges on the law, interrogatories and verdict forms were submitted to the jury. The jury answered the interrogatories and returned a verdict for the plaintiff to recover of the defendant the sum of $40,000.00. Justice Berdon (Peters, C.J., Callahan, Katz and Palmer, Js concurring) suggested this "preferred procedure" when addressing a motion for a directed verdict since "Directed verdicts, . . ., are not favored." Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,499-500, (1995).
In order to determine whether the verdict should be set aside the "evidential under pinnings of the verdict itself must be examined." Barbieri v. Taylor, 37 Conn. Sup. 1 (1980).
Section 13 -149 Connecticut General Statutes is the statutory authority for this cause of action. Interrogatories were prepared based on the mandates of this statute.
The jury returned unanimous answers to the interrogatories finding (1) a defect in the highway where plaintiff claimed the accident occurred, (2) that the defendant had actual or constructive notice of the defect, (3) that the defendant failed to exercise reasonable care to maintain its highways in a reasonably safe condition for the reasonably prudent traveler, (4) that the plaintiff was not negligent in any degree that was a probable cause of the accident, and that the failure of the defendant to exercise reasonable care to maintain its highways in a reasonably safe condition was the sole proximate cause of the plaintiff's injuries. (Copy of jury interrogatories as returned on file).
 "A serious constitutional issue can be raised by setting aside a verdict of the jury. In a case such as this, "[l]itigants have a constitutional right to have issues of fact decided by the jury." . . . "The right to a CT Page 217 jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fairminded men passed upon by the jury and not by the court."
 "However, it is the court's duty to set aside the verdict when it finds that `it does manifest injustice, and is . . . palpably against the evidence.'"
 "[w]hether the court would have reached a different verdict is not in itself decisive." Barbieri above.
With these principles in mind, the court must look to the issues raised by the defendant in its motion.
1.
This issue questions the jury's finding in interrogatory # 2; "that the defendant . . . had actual or constructive notice of the defect."
The independent witness observed the plaintiff's motorcycle "go up and down" as it passed over the grate-drain and saw the plaintiff fall to the pavement. The police diagram made as part of the accident investigation (Exhibit I) records a "2" depth" in the "grate-drain" on the crown of the highway.
The accident reconstruction expert testified and presented his "expert opinion" concerning the condition of the "alleged defect" prior to this accident and its existence for a period of time before the accident.
The interrogatories returned found that the defendant "had actual or constructive notice of the defect."
The court cannot second guess the jury's finding on a question of fact. The weight given to the above evidentiary underpinnings CT Page 218 and the conclusions of the jury founded thereon must stand.
2.
This issue questions the jury's finding in interrogatory # 4 that the plaintiff was not negligent in any degree that was a probable cause of the accident.
Here again the court cannot second guess the jury on a question of fact. Testimony of the observations of the independent witness and plaintiff's own testimony provided evidential underpinnings to support the jury's conclusion.
3.
This issue questions the jury's finding in interrogatory # 5 that the failure of the defendant to exercise reasonable care to maintain its highways in a reasonably safe condition was the sole proximate cause of the plaintiff's injuries.
Here again the court cannot second guess the jury on a question of fact based on evidential underpinnings both testimonial and physical.
4.
This issue questions the court's allowing the expert to testify concerning the claimed defect in as much as his inspection was over six years after the accident and the claimed defect had been changed.
In State v. Hasan, 205 Conn. 485, 488 91987) the rule covering this issue is clearly set forth.
The court overruled the defendant's objection to this opinion evidence holding that the testimony was admissible and the weight to be given to it was solely the function for the jury.
Certainly this testimony was helpful to the jury in considering the issues and in teaching the jury to view items of physical evidence by focussing [focusing] their attention on certain salient features. (Hasan above). Here again the evidential underpinnings and the weight to be given was solely the function of the jury.
Motion to set aside verdict denied on all claims presented. CT Page 219
John N. Reynolds State Trial Referee